IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| NEODYME TECHNOLOGIES CORP., ) | CASE NO. 02-33086-H3-7 |
| ) | |
| Debtor, ) | |
| ) | |
| BEN B. FLOYD, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ADV. NO. 04-3233 |
| ) | |
| GLENN S. COLLINS, III, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION

The court has considered the "Motion and Brief for Order Striking Demand for Jury Trial" (Docket No. 37) filed by the Plaintiff in the above captioned adversary proceeding, together with the responsive brief filed by Defendants. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Plaintiff filed the original complaint in this adversary proceeding on March 17, 2004. In the original complaint, Plaintiff plead causes of action for breach of fiduciary duty of care, breach of fiduciary duty of loyalty,

preference, and "insider" fraudulent transfers under Texas Bus. & Com. Code § 24.006.  (Docket No. 1).

Defendants filed their original answer on May 11, 2004. The original answer did not contain a jury demand.  (Docket No. 7).

Plaintiff's first amended complaint filed June 15, 2005 added causes of action for gross negligence, fraudulent transfer under Section 548 of the Bankruptcy Code, and fraudulent transfers under Texas Bus. & Com. Code § 24.005.  (Docket No. 24).

On July 7, 2005, Defendants filed an answer to the first amended complaint.  (Docket No. 29).  One week later, on July 15, 2005, Defendants demanded a jury trial as to all issues so triable.  (Docket No. 30).

In the instant motion, Plaintiff seeks entry of an order striking the jury demand, on grounds Defendants are not entitled to a jury trial, and that the jury demand is untimely. (Docket No. 37).  Defendants argue that they are entitled to a jury trial, or alternatively seek entry of an order setting a discretionary jury trial pursuant to Rule 39(b), Fed. R. Civ. P.

Conclusions of Law

Rule 38(b), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 9015, provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the

>other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.

The "last pleading directed to such issue" is generally an answer or reply to counterclaim.  <u>Texas General Petroleum Corp. v. Leyh</u>, 52 F.3d 1330 (5th Cir. 1995).  Failure to timely file and serve a jury demand constitutes a waiver of the right to trial by jury.  Rule 38(d), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 9015.

Amended pleadings that do not introduce new issues of fact do not renew a right to jury trial that has been waived.  <u>Guajardo v. Estelle</u>, 580 F.2d 748 (5th Cir. 1978).

In the instant case, Defendants waived their right to a jury trial with respect to the causes of action filed in the original complaint, by failing to timely demand a jury trial.

With respect to the causes of action added in the amended complaint for avoidance of fraudulent transfers under Section 548 of the Bankruptcy Code and Texas Bus. & Com. Code § 24.005, the Supreme Court held in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33, 109 S.Ct 2782, 106 L.Ed.2d 26 (1989) that where a party has filed a proof of claim, that party waives a right to a jury trial.

With respect to the cause of action added in the amended complaint on grounds of gross negligence, the Fifth

Circuit held, in In re Jensen, 946 F.2d 369 (5th Cir. 1991), that causes of action for breach of fiduciary duty are equitable in nature. The court in Pereira v. Farace, 413 F.3d 330 (2d Cir. 2005) held that gross negligence asserted as a standard on a breach of fiduciary duty claim does not change the equitable nature of the claim. The court concludes that Defendants are not entitled to a jury trial on these claims.

Based on the foregoing, a separate Judgment will be entered granting the "Motion and Brief for Order Striking Demand for Jury Trial" (Docket No. 37).

Signed at Houston, Texas on this 28th day of April, 2006.

*/s/ Letitia Z. Clark*
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE